## THE STATE v. LEE.

1. **Criminal law:** ASSAULT AND BATTERY: HOW TRIABLE. The offense of assault and battery is triable summarily before a justice of the peace or other officer authorized by law on information under oath without indictment or the intervention of a grand jury, and not otherwise.
2. —— Section 1 of chapter 50, Laws of the Seventh General Assembly, changed the punishment for this offense to "imprisonment in the county jail for not more than thirty days, or by fine not exceeding $100," and this provision of the statute still remains the law. Section 4220 of the Revision is an erroneous compilation of the statutes on this subject.

*Appeal from Monona District Court.*

THURSDAY, OCTOBER 23.

THE defendant was arrested and taken before a justice of the peace of Monona county, and to an information there filed, charging him with the crime of assault and battery, he plead "not guilty." A trial was had before the justice and a jury, which resulted in the conviction of the defendant of the offense charged. The defendant appealed to the district court, and the cause coming on for trial therein on the 7th day of July, 1873, the defendant moved the court to dismiss the

appeal, because the justice had no jurisdiction to try the cause. The court sustained this motion, and ordered the defendant discharged, and his bail released.

The State appeals.

*M. E. Cutts*, attorney-general, for the State.

No appearance for the appellee.

MILLER, J. — The only question presented for determination is whether the justice of the peace before whom the defendant was tried and convicted of an assault and battery, had jurisdiction of the subject-matter.

Section 2597 of the Code of 1851, provided that, " whoever is convicted of an assault, or an assault and battery, where no other punishment is prescribed, shall be punished by imprisonment in the county jail not exceeding *six months*, or by fine not exceeding $200, or both such fine and imprisonment, at the discretion of the court." This section was changed by the first section of chapter 50, of the Laws of the Seventh General Assembly, so as to read, " shall be punished by imprisonment in the county jail not more than *thirty days*, or by fine not exceeding *one hundred dollars*, and *not otherwise*, in the discretion of the court." This change took effect under the Constitution, in July, 1858.

The new Constitution, which took effect upon the Governor's proclamation, after the August election in 1857, provides, in section 11 of the bill of rights, that " all offenses less than felony, and in which the punishment does not exceed a fine of $100 or imprisonment for thirty days, shall be tried summarily before a justice of the peace or other officer authorized by law, on information under oath, without indictment, or the intervention of a grand jury, saving to the defendant a right of appeal." See also section 4499 of the Revision, which was enacted to carry out this provision of the Constitution.

It will thus be seen that under the Constitution and the statute all offenses less than felony, where the punishment does

not exceed a fine of $100 or imprisonment for thirty days, are triable summarily before a justice of the peace or other officer authorized by law, and that by chapter 50 of the laws of 1858, the offense of assault and battery was thus punishable and not otherwise, and is still so punishable unless changed by subsequent legislation. There has been no such change. The commissioner in compiling section 4220 of the Revision, as shown by the note to that section at the bottom of the page, no doubt supposed he was revising section 2597 of the Code of 1851, so as to make it speak the law as changed by chapter 50 of the Laws of 1858, but the words *"or both such fine and imprisonment at the discretion of the court,"* were erroneously retained.

The Revision, as a whole, was not enacted by the General Assembly. The "Code of Civil Practice," page 439; the "Code of Criminal Practice," page 758, and several of the acts contained in the "appendix" were enacted at the same session of the General Assembly. All that portion of "part fourth," preceding the "Code of Criminal Practice," is a compilation of laws previously enacted at different times, the principal part taken from the Code of 1851. Section 4220 is embraced within this compilation, and purports to be section 2597 of the Code of 1851 as changed by chapter 50 of the Laws of 1858; but, as we have seen, was incorrectly compiled and therefore is not a correct expression of the law. The order of the court dismissing the appeal and discharging the defendant was erroneous and must be

Reversed.